UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ANDREW DAVID LLOYD MILLER, | Case No. 25-SC-1396 (PJS/JFD) |
| Plaintiff, | |
| v. | ORDER |
| MOLLY MACONE, et al., | |
| Defendants. | |

Andrew David Lloyd Miller, pro se.

This matter is before the Court on plaintiff Andrew David Lloyd Miller's complaint, application to proceed *in forma pauperis* ("IFP"), and numerous motions. For the reasons explained below, the Court dismisses this action and denies Miller's IFP application and motions as moot.

As the Court understands the complaint, Miller is involved in several Minnesota state-court proceedings relating to child-custody and child-support disputes between Miller and Molly Macone. *See* Compl. 6, 11–13.[1] Miller filed this lawsuit because he is unhappy with these state-court proceedings for various reasons. *See, e.g., id.* at 11–12.

---

[1] Because the complaint is not consecutively paginated, the Court uses the page numbers assigned by the District's CM/ECF system.

Miller's federal complaint names multiple defendants,[2] including several individuals, the "Washington County Child Support Division," and several other government entities. *See id.* at 1, 7–9.

Broadly speaking, Miller complains of violations of his constitutional rights—specifically, his rights to due process, equal protection, privacy, and freedom from retaliation. *See, e.g., id.* at 6, 12–13. Miller suggests that enforcement of rulings in certain child-support actions led to the wrongful suspension of his driver's license, retaliatory enforcement actions, improper seizure of federal COVID-19 relief funds, breaches of digital privacy, and misuse of his personal information. *See, e.g., id.* at 11–13. He requests extensive relief, including compensatory damages exceeding $100 billion, injunctive and declaratory relief, restitution, punitive damages, and corrective actions involving independent "[m]onitoring or [o]versight" of unspecified entities. *See id.* at 13.

Instead of paying this action's filing fee, Miller submitted an IFP application, and the application suggests that he likely qualifies financially for IFP status. But under the federal statute governing IFP proceedings, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss [an IFP proceeding] at any time if the court determines that . . . the action . . . is frivolous . . . ." 28 U.S.C.

---

[2] As explained below, the Court is not certain exactly whom Miller intends to sue.

2

§ 1915(e)(2).  Furthermore, under Federal Rule of Civil Procedure 12(h)(3), a court must dismiss an action if it determines that it lacks subject-matter jurisdiction.

In this case, the Court must dismiss Miller's complaint because of three significant pleading defects and a major jurisdictional problem.  The Court will first address the pleading issues:

*First*, to meet federal pleading standards, a complaint must clearly identify each defendant.  *See, e.g.*, Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties . . . ."); *Stoe v. D.W. Jones Mgmt., Inc.*, No. 09-CV-2672 (RHK/RLE), 2010 WL 502780, at *2 (D. Minn. Feb. 5, 2010).  Miller's complaint fails to do so.  The first page of the complaint—to be clear, page 1 of ECF No. 1—appears to list four defendants but also refers to an "attached list."  *See* Compl. 1.  That list seems to appear at pages 7 to 9 of ECF No. 1, but it includes four different subsections: "Named Defendants," "Judicial and Administrative Respondents," "Named and Implicated County Staff," and "State-Level Oversight Bodies."  *Id.* at 7–9.  It is entirely unclear whom Miller actually intends to *sue*.

A review of the attachments to ECF No. 1 only adds to the confusion.  For example, ECF No. 1-1 is labeled "Verified Complaint for Civil Rights Violations and Emergency Federal Oversight."  *See* ECF No. 1-1 at 1.[3]  It lists five apparent defendants,

---

[3] This is also confusing, as ECF No. 1 is itself a complaint.

followed by the heading "Including and not limited to," and then lists about 15 more individuals and entities. *Id.* The document at ECF No. 1-4 suggests Miller is also trying to assert claims against numerous other entities, including several "Corporations & Providers" and "Agencies" not previously mentioned. *See* ECF No. 1-4 at 2. Finally, the documents at ECF Nos. 1-6 and 1-7 feature yet another caption listing some—but not all—of the previously named parties. *See* ECF No. 1-6 at 1; ECF No. 1-7 at 1. The Court has no idea whom Miller wants to sue; his various lists of possible defendants are inconsistent and confusing.

*Second*, this confusion about the identities of the defendants leads to another pleading issue. A pleading is factually frivolous unless it explains what each defendant did (or failed to do) that might trigger liability. *See, e.g., Swenson v. Hable*, No. 21-CV-1011 (SRN/HB), 2021 WL 3476720, at *2 (D. Minn. July 15, 2021), *report and recommendation adopted*, 2021 WL 3472694 (D. Minn. Aug. 6, 2021). In other words, a defendant must be able to pick up the complaint, read it, and know why he has been sued. Here, various defendants are named without any factual allegations describing

4

what they did that allegedly renders them liable to Miller.[4] The complaint is therefore factually frivolous as to those defendants.[5]

A *third* problem with the complaint is that it plainly seeks this Court's interference in various state-court proceedings. As noted above, Miller broadly challenges child-custody and child-support decisions, and he apparently also contests certain criminal matters related to his Minnesota driver's license revocation. *See, e.g.*, Compl. 11. Yet the complaint never clearly identifies the state-court proceedings involved, seemingly leaving the Court to figure this out for itself. This lack of clarity makes it difficult to understand exactly what Miller hopes to accomplish by bringing this lawsuit.

Even if Miller's complaint were not plagued by these serious pleading problems, the Court would have to dismiss the complaint for lack of jurisdiction. Under the *Younger* abstention doctrine, federal courts generally cannot interfere with ongoing state-court proceedings. Under the *Rooker–Feldman* doctrine, federal courts have no

---

[4] For example, the complaint identifies a defendant as "Andrew (LNU) in care of: Molly Macone." Compl. 7. This person appears to be Macone's current boyfriend. *Id.* at 10. But neither the complaint nor its attachments identify anything that "Andrew" did that might render him legally liable to Miller.

[5] It is possible that Miller's many other filings contain relevant allegations about these defendants. But it is Miller's job—not the Court's—to prepare a coherent and self-contained complaint. *See, e.g., Frelix v. Hendrie Grant Lending Inc.*, No. 23-CV-0896 (DWF/TNL), 2023 WL 3571906, at *3 n.4 (D. Minn. May 18, 2023). He has failed to do so.

5

authority to review, modify, or overturn final state-court judgments. So whatever state-court proceedings Miller wants this Court to disrupt, the Court almost certainly could not do so consistent with these doctrines.

Start with *Younger* abstention. Derived from *Younger v. Harris*, 401 U.S. 37 (1971), this doctrine instructs federal courts to abstain from hearing cases that involve important state interests when there are ongoing state proceedings that give the federal plaintiff an adequate chance to raise his federal claims. *See, e.g.*, *Plouffe v. Ligon*, 606 F.3d 890, 892 (8th Cir. 2010). Given Miller's references to ongoing child-custody and child-support matters in Washington County, these are the kinds of state proceedings—family law and child welfare—that federal courts typically avoid under *Younger*, indicating that abstention is appropriate here. *See Rubbelke v. Zarembinski*, No. 23-CV-0707 (PJS/ECW), 2023 WL 3094371, at *2 (D. Minn. Apr. 26, 2023) ("Numerous federal courts (including courts in this District) have specifically determined that state family-court proceedings present the sort of 'exceptional circumstances' that give rise to *Younger* abstention.").

To the extent that Miller seeks review of matters already decided by Minnesota state courts, the *Rooker–Feldman* doctrine prevents this Court from exercising jurisdiction. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). Under *Rooker–Feldman*, federal district courts lack jurisdiction over "'cases brought by state-court losers complaining of injuries caused by

state-court judgments rendered before the [federal] court proceedings commenced and inviting district court review and rejection of those judgments.'" *Robins v. Ritchie*, 631 F.3d 919, 925 (8th Cir. 2011) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005)).  Simply put, federal district courts are trial courts, not appellate courts; they have no authority to review final state-court decisions.  *See id.*  If Miller is unhappy with the final decision of a state-court judge, Miller must seek relief by appealing that decision to the Minnesota Court of Appeals, and then by seeking review in the Minnesota Supreme Court, and then by seeking a writ of certiorari from the United States Supreme Court.

In sum, to the extent that Miller asks this Court to interfere with ongoing state-court proceedings, *Younger* abstention applies.  And to the extent that Miller asks this Court to review the final decisions of a state court, *Rooker–Feldman* applies.  This jurisdictional pincer effectively blocks Miller's federal-court challenges to state-court actions.

The Court therefore dismisses Miller's complaint.  Given this dismissal, the Court also denies as moot the IFP application and the many motions that Miller has filed in this action.  Because these include motions to seal the case, the Court directs the Clerk of Court to unseal this matter.  Finally, the Court certifies that any appeal from this Order would not be in good faith, so any request by Miller to proceed IFP on

7

appeal will be denied on that basis. *See* Fed. R. App. P. 24(a)(3)(A); 28 U.S.C. § 1915(a)(3).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. This action is DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 12(h)(3) for lack of jurisdiction.

2. Plaintiff's application to proceed *in forma pauperis* [ECF No. 3] is DENIED AS MOOT.

3. All of plaintiffs' remaining motions and requests are DENIED AS MOOT.

4. The Clerk of Court is directed to UNSEAL this case.

5. The Court certifies that any appeal from this dismissal would not be in good faith.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 30, 2025                s/Patrick J. Schiltz_____
                                                       Patrick J. Schiltz, Chief Judge
                                                       United States District Court